**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

QUY TU PHAN,

      Defendant - Appellant.

No. 08-8058

(D. Wyoming)

(D.C. No. 08-CR-00002-2-CAB)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Quy Tu Phan appeals the sentence imposed following his plea of guilty to conspiracy to possess with intent to distribute and to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(b)(1)(D). The district court denied Mr. Phan a reduction in his sentencing offense level, rejecting his claim that he was a minor or minimal participant in the offense. The court then sentenced him to thirty-seven months' imprisonment, followed by three years of supervised release. We affirm Mr. Phan's sentence.

**BACKGROUND**

In January of 2008, Quan Quoc Lai asked Duc Ngoc Le to take part in a plan to transport a large quantity of marijuana by car from Seattle, Washington, to Wichita, Kansas. Le used his credit card to purchase airplane tickets for himself, Lai and a third individual, Thuang Michael Pham, to fly from Atlanta, Georgia, to Seattle on January 6, 2008. Appellant Phan and another individual, Dung Tien Vo, traveled from Wichita to Seattle and met Le, Lai and Pham in Seattle on that same day.

At the Seattle airport, Le again used his credit card and rented a van. Lai rented a second van from a different rental agency. Le and Lai each represented to the particular rental agency that the vans would be returned to the Seattle airport three days later. Le's vehicle rental agreement also represented that the van would not be driven outside of the state of Washington.

After renting the vehicles, all of the men traveled in the two vans to a gas station not far from the airport, where they met a male and a female. Lai was the only one who actually spoke to the couple at the gas station. The couple then led

the men to a single family dwelling in a residential neighborhood not far from downtown Seattle. The men left the vans parked at the residence and rode with the couple to a nearby restaurant for dinner, after which they returned to the residence. The men then left the van Lai had rented at the residence, and drove Le's van to a nearby motel for the night.

The following morning, all the men, including Mr. Phan, returned to the residence. Lai and the couple placed pre-packaged marijuana, weighing approximately 126 pounds, in cardboard boxes and plastic storage bins and loaded them into Lai's van. Additionally, fresh marijuana plant material, along with wet newspapers, was packed into a plastic cooler and placed in Lai's van. The couple and Lai also boxed and loaded into Lai's van other items commonly used for growing marijuana indoors. Besides Lai's role in loading the van, it is unclear what role the other men, including Mr. Phan, played in loading the contraband. After the van was loaded, all five men left Seattle and drove the two vans in tandem until they were stopped for speeding on Interstate 80 in Laramie County, Wyoming.

At the time the Wyoming Highway Patrol stopped the vans, Lai was driving the vehicle rented by Le, and Le and Vo were passengers in that van. Appellant Phan was driving the vehicle rented by Lai, in which the marijuana and other items were stored. Pham was a passenger in that van. When Wyoming Highway Patrol Trooper Mrsny tried to stop the load vehicle driven by appellant Phan, the

other van, driven by Lai, swerved towards Trooper Mrsny's car, as if the driver (Lai) was attempting to interfere with the stop of the load vehicle. When the trooper moved closer to the load vehicle to effect the stop, the van driven by Lai drove off. During these events, Trooper McKay was nearby and observed the erratic movements of the van driven by Lai. Trooper Mrsny told Trooper McKay to stop the van driven by Lai, which he did.

After both vehicles were stopped, the five men apparently claimed not to be traveling together and told inconsistent stories about their travel plans. In particular, Mr. Phan claimed not to be traveling with Le's van, and Lai claimed not to be traveling with the load vehicle driven by Mr. Phan. Trooper Mrsny further observed that neither Phan nor Pham were listed on the rental agreement as authorized drivers for the load vehicle, and the agreement indicated that the vehicle was to be driven only within the state of Washington. When both vans were searched, the troopers discovered the marijuana. The total weight of the contraband was determined to be 58.34 kilograms.

As indicated, Mr. Phan pled guilty to one count of conspiracy to possess with intent to distribute and to distribute marijuana. In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated a total offense level of 17 which, with a criminal history category of III, yielded an advisory United States Sentencing Commission, Guidelines Manual ("USSG"), sentencing range of thirty to thirty-seven months.

Both in his written objections to the PSR and at his sentencing hearing, Mr. Phan objected to the PSR's failure to recommend a four-level downward departure in his offense level for having a minimal role in the offense. In particular, he argued that he deserved such a downward reduction because his co-defendant, Le, "who purchased the airline tickets with a credit card and also . . . [had] in his personal property receipt for digital scales, . . . was a driver, and . . . used his credit card to rent one of the two vehicles," *did* receive a minor participant downward adjustment. Tr. of Sentencing at 108-09, R. Vol. 4. Mr. Phan argued that he, by contrast, only got paid to drive one of the vans, that he did not rent any of the vans or buy any of the airline tickets, that he was not involved in arranging the transaction, nor was he to be involved in the distribution of the marijuana.

The district court rejected Mr. Phan's argument, observing that he was "driving the car at the time he was stopped"; that he "was an active participant at that point"; that the "car ha[d] the marijuana in it"; that he "accepted the travel on the [airline] ticket that was purchased for him"; and that Mr. Phan "played an equal and similar role in this entire . . . criminal enterprise." Id. at 109-112. There had also been considerable testimony at the sentencing hearing about Mr. Phan's involvement in a gang, the Viet Boyz, which was engaged in drug trafficking.

The court subsequently sentenced Mr. Phan to thirty-seven months, with the following explanation:

-5-

I don't feel that I can agree with the Government that you should be sentenced at the low end of the guidelines which are on the offense level of 17 with a criminal history category of III, the guideline provision is 30 to 37 months. I feel that you were equally culpable with the others in the activity for which you are now being sentenced, and I believe that your activity in the past as a member of this Viet Boyz gang is certainly wrong activity. It is, in my judgment, reprehensible, but you may not know that word. It is nonetheless something that you are going to have to pay the penalty for. I'm not going to give you the low end of the guidelines because I don't think your past conduct warrants the low end. I think it warrants the high end. And I almost think that it warrants an upward adjustment, but I'm not going to do that.

Id. at 121-22. This appeal followed, in which Mr. Phan essentially reiterates the same argument he made below, that he was a minimal participant compared to the others, and particularly compared to Le, who received a minor participant offense level reduction.

## DISCUSSION

In determining whether the district court correctly calculated the recommended Guidelines range, we review the court's legal conclusions de novo and its factual findings for clear error. United States v. Todd, 515 F.3d 1128, 1135 (10th Cir. 2008). "We review a sentencing court's refusal to award a defendant minor or minimal participant status for clear error because it is a finding of fact." United States v. Virgen-Chavarin, 350 F.3d 1122, 1131 (10th

-6-

Cir. 2003) (further quotation omitted).[1]  The defendant has the burden of proving

eligibility for a reduction as a minimal participant by a preponderance of the

evidence.  Id.  "The defendant's own assertion that he was a minimal participant

is not enough to overcome the clearly erroneous standard."  Id.

Mr. Phan seeks a four-level reduction based upon his claim that he is a

minimal participant.  "A minimal participant is one who is 'plainly among the

least culpable of those involved in the conduct of a group.'"  Id. (quoting USSG

§3B1.2 comment. (n.4)).  As applied to a drug trafficking offense, the Guideline

notes further explain:

> A defendant who is accountable under §1B1.3 (Relevant Conduct)
> only for the conduct in which the defendant personally was involved
> and who performs a limited function in concerted criminal activity is
> not precluded from consideration for an adjustment under this
> guideline.  For example, a defendant who is convicted of a drug
> trafficking offense whose role in that offense was limited to
> transporting or storing drugs and who is accountable under §1B1.3
> only for the quantity of drugs the defendant personally transported or
> stored is not precluded from consideration for an adjustment under
> this guideline.

---

[1]We review federal criminal sentences for reasonableness, giving deference
to the district court under "the familiar abuse-of-discretion standard."  Gall v.
United States, 552 U.S. 38, __, 128 S. Ct. 586, 594 (2007); see United States v.
Gambino-Zavala, 539 F.3d 1221, 1227 (10th Cir. 2008).  "[R]easonableness
includes both a procedural component, encompassing the method by which a
sentence was calculated, as well as a substantive component, which relates to the
length of the resulting sentence."  United States v. Smart, 518 F.3d 800, 803 (10th
Cir. 2008).  Because Mr. Phan is challenging only the method by which his
sentence was calculated, he challenges only the procedural reasonableness of his
sentence.

-7-

USSG §3B1.2 comment. (n.3(A)). Accordingly, while Mr. Phan is eligible for a minimal participant reduction, he is not automatically entitled to such a reduction because of his claimed status as merely a courier or driver. "[W]e have consistently refused to adopt a per se rule allowing a downward adjustment based solely on a defendant's status as a drug courier. [D]rug couriers are an indispensable component of drug dealing networks. To debate whether couriers as a group are less culpable . . . [is] akin to the old argument over which leg of a three-legged stool is the most important leg." United States v. Martinez, 512 F.3d 1268, 1276 (10th Cir.) (internal quotation marks and citations omitted), cert. denied, 128 S. Ct. 2461 (2008).

Moreover, there was evidence that Mr. Phan was more than a mere driver for the drug trafficking enterprise. There was testimony at sentencing that Mr. Phan was an active member of the Viet Boyz gang, one of whose regular items of business was drug trafficking. There was also testimony that other defendants were involved in that gang. By contrast, there was no evidence that defendant Le, who received a minimal participant reduction, was a member of the Viet Boyz gang, nor was he driving or even in the load vehicle when it was stopped.

In short, we cannot say that the district court clearly erred when it concluded that Mr. Phan's participation in the offense of conviction did not

-8-

warrant a minimal participant reduction.[2]  We accordingly affirm Mr. Phan's sentence.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[2]Indeed, as the district court's remarks indicate, it actually considered whether to sentence Mr. Phan *above* the advisory Guideline range.  As it was, the court sentenced Mr. Phan to the high end of the range.