FILED
United States Court of Appeals
Tenth Circuit

June 10, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DUNG TIEN VO,

Defendant - Appellant.

No. 08-8062
(D. Ct. No. 2:08-CR-00002-CAB-5)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

Defendant-Appellant Dung Tien Vo pleaded guilty to one count of conspiring to

possess with intent to distribute marijuana, *see* 21 U.S.C. §§ 846, 841(a)(1), (b)(1), and

was sentenced to forty-six months' imprisonment. He appeals his sentence, contending

that the district court clearly erred in denying him a two-level minor-role reduction under

United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 3B1.2(b). We have

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we AFFIRM.

**I. BACKGROUND**

The circumstances surrounding Mr. Vo's offense are not in dispute. The following

_____

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

facts are taken in large part from the presentence report and from the appeal of one of Mr. Vo's co-defendants. *See United States v. Quy Tu Phan*, No. 08-8058, 2009 WL 1492557 (10th Cir. May 29, 2009).

In January of 2008, Quan Quoc Lai asked Duc Ngoc Le to take part in a plan to transport a large quantity of marijuana by car from Seattle, Washington, to Wichita, Kansas. Mr. Le used his credit card to purchase airplane tickets for himself, Mr. Lai and a third individual, Thuang Michael Pham, to fly from Atlanta, Georgia, to Seattle on January 6, 2008. The appellant in this case, Mr. Vo, along with another individual, Qyu Tu Phan, traveled from Wichita to Seattle and met the three other men in Seattle on that same day. At the Seattle airport, Mr. Le rented a van, and Mr. Lai rented a second van.

After renting the vehicles, all of the men traveled in the two vans to a gas station not far from the airport, where they met a male and a female. Mr. Lai was the only one who actually spoke to the couple at the gas station. The couple then led the men to a single family dwelling in a residential neighborhood not far from downtown Seattle. The men left the vans parked at the residence and rode with the couple to a nearby restaurant for dinner, after which they returned to the residence. The men then left the van Mr. Lai had rented at the residence, and drove Mr. Le's van to a nearby motel for the night.

The following morning, all the men, including Mr. Vo, returned to the residence. Mr. Lai and the couple placed pre-packaged marijuana in cardboard boxes and plastic storage bins and loaded them into Mr. Lai's van. Additionally, fresh marijuana plant material, along with wet newspapers, was packed into a plastic cooler and placed in the

same van.  The couple and Mr. Lai also boxed and loaded into Mr. Lai's van other items commonly used for growing marijuana indoors.  Besides Mr. Lai's role in loading the van, it is unclear what role the other men, including Mr. Vo, played in loading the contraband.  After the van was loaded, all five men left Seattle and drove the two vans in tandem until they were stopped for speeding on Interstate 80 in Laramie County, Wyoming.

At the time the Wyoming Highway Patrol stopped the vans, Mr. Lai was driving the vehicle rented by Mr. Le, and Mr. Le and Mr. Vo were passengers in that van.  Mr. Phan was driving the vehicle rented by Mr. Lai, in which the marijuana and other items were stored.  Mr. Pham was a passenger in that van.  Although Mr. Vo was not driving either van at the time, he had agreed to drive if that became necessary.

When Wyoming Highway Patrol Trooper Mrsny tried to stop the load vehicle, the other van, in which Mr. Vo was a passenger, swerved towards Trooper Mrsny's car, as if the driver (Mr. Lai) was attempting to interfere with the stop of the load vehicle.  When the trooper moved closer to the load vehicle to effect the stop, the van driven by Mr. Lai drove off.  During these events, Trooper McKay was nearby and observed the erratic movements of the van driven by Mr. Lai.  Trooper Mrsny told Trooper McKay to stop the van driven by Mr. Lai, which he did.  After both vehicles were stopped, the five men apparently claimed not to be traveling together and told inconsistent stories about their travel plans.  The troopers searched the vans and discovered the marijuana.

Mr. Vo pleaded guilty to one count of conspiring to possess with intent to

distribute marijuana. The presentence report ("PSR") calculated Mr. Vo's total offense level at 17 and his criminal history category as IV. This yielded an advisory Guidelines range of 37–46 months' imprisonment. In his written objections to the PSR and at sentencing, Mr. Vo argued that he was entitled to a two-level minor-role reduction under U.S.S.G. § 3B1.2(b). This would have produced an advisory Guidelines range of 30–37 months. The district court rejected Mr. Vo's argument and sentenced him to 46 months' imprisonment.

## II.  DISCUSSION

Under U.S.S.G. § 3B1.2(b), a two-level reduction is warranted when the defendant was a minor participant in an offense involving more than one person. *See* U.S.S.G. § 3B1.2(b) & cmt. n. 2. We review a district court's decision whether § 3B1.2(b) is applicable for clear error because it is a finding of fact. *See United States v. Virgen-Chavarin*, 350 F.3d 1122, 1131 (10th Cir. 2003).

Mr. Vo contends that he should have received a minor-role adjustment because his involvement in the offense was minor in comparison to his co-defendants and was similar to that of Mr. Le, who did receive the adjustment. He also claims that the district court improperly used his alleged involvement with a gang to support its denial of the reduction. We disagree on both points. There was testimony at the sentencing hearing that Mr. Vo was an active member of the Viet Boyz gang in Wichita, and that the gang was known to traffic narcotics. Moreover, each of Mr. Vo's co-defendants—with the lone exception of Mr. Le—were also associated with the gang. This undercuts Mr. Vo's

suggestion that he may not have been aware of the scope of the offense or purpose of the trip, and it also distinguishes Mr. Le's involvement in the offense. Moreover, we have repeatedly held that merely acting as a drug courier—as opposed to being the organizer of the overall drug conspiracy—does not automatically entitle a defendant to a § 3B1.2(b) reduction. *See United States v. Chavez*, 229 F.3d 946, 956 (10th Cir. 2000) ("Even if [the defendant] had made a sufficient showing she was a one-time courier, we have held that a drug courier is not per se a minor participant in a drug transaction"). Thus, we cannot conclude that the district court clearly erred in finding that Mr. Vo's conduct did not warrant a reduction under § 3B1.2(b).

### III. CONCLUSION

Mr. Vo's sentence is AFFIRMED.


ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge